IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEGATO SYSTEMS, INC. (now EMC Corp.), | NO. C 03-02286 JW |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN DAMAGES AND WILLFULNESS DISCOVERY** |
| v. | |
| NETWORK SPECIALISTS, INC., | |
| Defendant(s). | |

Presently before the Court is Plaintiff Legato Systems, Inc.'s (now EMC Corp.) ("EMC") motion for entry of an order reopening damages and willfulness discovery. On February 9, 2004, this Court stayed damages and willfulness discovery until after the completion of post-claim construction mediation. (See February 9, 2004 Order Granting in Part and Denying in Part Defendant's Motion to Bifurcate Liability and Damages Issues and to Stay Discovery of Damages Issues, Docket Item No. 55.) On April 19, 2005, the parties participated in mediation. EMC now files the present motion, arguing that after two years of litigation, a claim construction ruling, and a failed mediation, EMC will be prejudiced and inconvenienced if NSI continues to withhold its damages and willfulness discovery. Further, NSI contends that Patent Local Rule 3-8 mandates such discovery. A hearing on EMC's motion was scheduled for June 13, 2005. However, pursuant to Civil Local Rule 7-1(b), this Court finds it appropriate to take the motion under submission for decision based on the papers filed by the parties without oral argument.

Defendant Network Specialists, Inc. ("NSI") opposes EMC's motion, contending that discovery should be stayed until at least after liability fact and expert discovery is completed. It is

NSI's position that staying damages and willfulness discovery will help minimize undue burden to NSI, arguing that if discovery on damages and willfulness issues is reopened, NSI will be significantly burdened in having to respond to and fight EMC's voluminous discovery requests in addition to having to seek its own damages discovery from EMC. Further, NSI contends that staying damages and willfulness discovery will not prejudice EMC since the parties' requested trial dates will not be severely impacted, given that NSI's proposed trial date of May 30, 2006 is a mere two months later than EMC's proposed date of March 28, 2006. Further, NSI argues that if discovery on damages and willfulness issues remains stayed until completion of liability discovery, the Court will have the opportunity to consider, and possibly rule on, any dispositive motions that may be submitted by the parties during or following liability discovery. In this regard, NSI believes that the damages and willfulness issues may never need to be addressed. The Court disagrees.

On December 22, 2003, NSI moved to bifurcate for trial liability and damages issues, and to include issues of willful infringement with the damages trial. Alternatively, NSI moved to stay discovery with respect to damages and willfulness until liability is determined, or until after the parties had participated in post-claim-construction mediation. This Court rejected NSI's request for bifurcation, but found that "since much of the initial discovery in this case will focus on claim construction...a stay on discovery related to damages and willfulness is appropriate until after the completion of post-claim-construction mediation." (February 9, 2004 Order Granting in Part and Denying in Part Defendant's Motion to Bifurcate Liability and Damages Issues and to Stay Discovery of Damages Issues, hereinafter "February 9, 2004 Order," 4:14-16.) In its February 9, 2004 Order, the Court stated its intention to "reopen damages and willfulness discovery upon stipulation by the parties, or, if necessary, upon proper motion" after completion of the parties' mediation proceedings.

Post-claim-construction mediation has concluded. As such, the Court sees no justifiable purpose in continuing to stay damages and willfulness discovery. The Court has already found that judicial economy will be better served if both damages and liability issues are presented in one trial. Similarly, the simultaneous completion of liability and damages discovery will certainly benefit judicial economy, especially given the distinct possibility of overlap between damages and

2

willfulness issues and validity and liability issues. In order to prevent the parties from engaging in duplicative discovery, Plaintiff's motion is granted. A case management conference will be held in this case on September 26, 2005 at 10:00 a.m. The parties shall file a joint statement pursuant to Civil L.R. 16-9 no later than September 13, 2005.

Dated: August 12, 2005

03cv2286disc

/s/ James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel M. Goldfisher daniel.goldfisher@CliffordChance.com
Daniel Ross Harris daniel.harris@cliffordchance.com
Drew M. Wintringham Drew.wintringham@cliffordchance.com
James V. Mahon James.Mahon@CliffordChance.com
Jong Pil Hong jhong@mwe.com
Kenneth S. Korea kkorea@mwe.com
Lucy H. Koh lkoh@mwe.com
Mark Rueh Mark.rueh@cliffordchance.com
Nancy Karen Raber Nancy.raber@cliffordchance.com
Q. Huy Doan Do Huy.do@cliffordchance.com
Terrence Patrick McMahon tmcmahon@mwe.com
Vera M. Elson velson@mwe.com

Dated: August 12, 2005                    Richard W. Wieking, Clerk

                                          By: /jwchambers/
                                              **Ronald L. Davis**
                                              **Courtroom Deputy**

**United States District Court**
For the Northern District of California